UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| MARK SHREFFLER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 24-254-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| TERRY TUSSEY, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

*** *** *** ***

This matter is pending for consideration of Defendant Terry Tussey's motion to dismiss. [Record No. 22] Tussey argues that the claims asserted against him should be dismissed due to insufficient service of process and insufficient process. Following review, Tussey's motion will be denied because a discretionary extension of time is warranted under *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022).

Plaintiff Mark Shreffler had until December 17, 2024. to serve Defendant Tussey. One day before the 90-day period expired, Shreffler moved for an extension of time of an *additional* 90 days. However, that motion was denied. [Record Nos. 9 and 10] Tussey was ultimately served on January 8, 2025. [Record No. 18] Tussey contends, however, that he was only served with the summons and not the complaint. Shreffler disputes this assertion but nonetheless served Tussey a second time on February 20, 2025. There are no claims of insufficient process related to the second date of service.

"When a defendant files a motion to dismiss under Rule 12(b)(5), the plaintiff bears the burden of executing due diligence in perfecting service of process and showing that proper

service was made." *O'Brien v. Child.'s Home of N. Kentucky*, No. 3:22-CV-00066, 2025 WL 645870, at *2 (E.D. Ky. Feb. 26, 2025) (quoting *Spencer v. Caracal Int'l, LLC*, 516 F. Supp. 3d 755, 758 (M.D. Tenn. 2021)) (cleaned up).  "Rule 4(m) of the Federal Rules of Civil Procedure sets forth the timeline for effecting service of process, as well as the scenarios that warrant enlarging that timeframe." *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022).  The rule provides

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Regarding motions to dismiss for insufficient service under Rule 12(b)(4) of the Civil Rules for Federal Procedure, "[t]he serving party bears the burden of establishing the validity of service." *Thomas v. Navient Sols., Inc.*, No. 2:17-CV-12232, 2018 WL 3141946, at *1 (E.D. Mich. June 27, 2018) (citing *Metro. Alloys Corp. v. State Metals Indus., Inc.*, 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006)).  "When reviewing 12(b)(4) and 12(b)(5) motions, the Court "may refer to record evidence" and facts in "uncontroverted affidavits.  *Id.* (citing *Metro. Alloys Corp*, 416 F. Supp. 2d at 563).

Here, the parties submit conflicting affidavits disputing whether Tussey was served with both a summons and complaint on January 8, 2025.  [*See* Record Nos. 22-2, 24-1, 24-2, and 24-3]  But after the present motion to dismiss was filed, Shreffler served Tussey a second time on February 20, 2025 to cure any alleged deficiency.  Accordingly, the Court will address the motion under 12(b)(5), accounting for the additional time between the initiation of this action and the later date of service.

Tussey argues the complaint should be dismissed because he was served after the 90-day deadline. "How a district court should respond to a motion to enlarge the time for service of process depends on the circumstances." *Oakland Physicians*, 44 F.4th at 568. "[A]bsent a finding of good cause, the court retains discretion as to whether . . . to enlarge that timeframe." *Id.* (citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)).

Shreffler likely fails to establish good cause. *See Friedman v. Est. of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991) ("Courts that have considered this issue, however, agree that counsel's inadvertent failure or half-hearted efforts to serve a defendant within the statutory period does not constitute good cause."). And Shreffler admits he "cannot factually assert that Defendant Tussey was deliberately avoiding process[.]" But the Court's inquiry does not end there, because the Sixth Circuit has established a framework to determine whether a discretionary extension of time is warranted in the absence of good cause. The factors for consideration include:

> (1) whether an extension of time would be well beyond the timely service of process;
> (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;
> (3) whether the defendant had actual notice of the lawsuit;
> (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;
> (5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;
> (6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and
> (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Oakland Physicians*, 44 F.4th at 569.

An extension through the first time Tussey was served amounts to 22 days beyond the 90-day deadline. But assuming that Tussey was only properly served the second time, the

extension would amount to 65 days. While 22 days is not an extremely long period, a 65-day extension is a more significant request. This factor thus weighs in favor of dismissal given the duration of time between the deadline and *proper* service.

Next, Tussey does not argue he would be prejudiced by an extension other than that of the inherent burden of defending the suit, which militates in favor of Shreffler. Third, Tussey did not have *actual* notice of the lawsuit. While it is possible he had constructive knowledge after his co-defendants were served, Shreffler proffers no evidence to suggest actual notice other than common representation with the other two defendants in this case. Thus, factor three also favors Tussey. However, the fourth factor weighs heavily in favor of denying dismissal. As the parties acknowledge, if the Court dismisses claims against Tussey without prejudice, the claims would be time-barred and could not be re-filed. This would severely prejudice the plaintiff, especially because Tussey allegedly is the primary offender as outlined in the complaint. Shreffler's claims arise from being handcuffed too tightly—and of the three defendants, Tussey is the only party that actually handcuffed him. [*See* Record No. 1.]

Fifth, Shreffler did make a good-faith effort to serve Tussey, even if it was not enough to establish good cause. Counsel states that Tussey switched police departments, and that finding his address was purportedly difficult. [Record No. 24, p. 2] After the plaintiff discovered Tussey's address, the process server was unable to serve him at his home. [*Id.*] Finally, Shreffler arranged for the Greenup County Sheriff's Department to serve Tussey, and as soon as the plaintiff was notified of Tussey's (disputed) insufficient process, the plaintiff served Tussey again to dispel any question of sufficiency. While these facts do not establish evasion of service, they do evidence a good-faith effort to serve the defendant. Sixth, the plaintiff is not a pro-se litigant and does not deserve additional latitude as a result. Finally,

dismissal would mean dismissal with prejudice concerning claims against (allegedly) the most important defendant in the case.

Based on the foregoing, it is hereby

**ORDERED** that Tussey's Motion to Dismiss [Record No. 22] is **DENIED**.

Dated: April 3, 2025.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky