UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| MARK SHREFFLER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 24-254-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| TERRY TUSSEY, et al., | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The defendants have filed a second motion requesting the Court compel a physical examination of Plaintiff Mark Shreffler pursuant to Rule 35 of the Federal Rules of Civil Procedure. [Record No. 40] The motion will be granted because Shreffler's physical condition is in controversy and the parties have demonstrated good cause for the examination.

**I.**

Rule 35 provides, in relevant part, that "[t]he [C]ourt … may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). Further, the Order "(A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2).

The United States Supreme Court distilled this rule into two principal considerations. Essentially, the undersigned "must decide, as an initial matter in every case, whether the party

requesting a mental or physical examination or examinations has adequately demonstrated the existence of the Rule's requirements of 'in controversy' and 'good cause.'" *Schlagenhauf v. Holder*, 379 U.S. 104, 118–19 (1964).

The parties have satisfied both requirements. First, they stipulate that Shreffler's physical condition is in dispute. Specifically, he "alleges that the handcuffs applied by Defendant Terry Tussey caused a 'severe axonometric injury of the radial sensory nerve' in his right wrist, and seeks past and future medical expenses, lost earnings, and pain and suffering as a direct result of that purported injury." [Record No. 40, p. 3 (citing Record No. 1, ¶¶ 24 and 38)] Second, Shreffler has consented to the physical examination, and the results are likely to resolve factual issues in the case, demonstrating good cause for the Court to order the exam. Finally, "[Shreffler] has confirmed that he can appear at Dr. Nicoson's office on August 15, 2025 at least thirty (30) minutes prior to the physical examination scheduled to begin at 10:00 a.m. ET." [*Id.*, p. 4] Accordingly, it is hereby

**ORDERED** as follows:

1. The defendants' motion [Record No. 40] is **GRANTED**.

2. Plaintiff Mark Shreffler is directed to appear for an examination at **10:00 a.m.** Eastern Standard Time on **August 15, 2025,** at the office of Michael C. Nicoson, M.D., located at 2400 Eastpoint Parkway, Suite 530, Louisville, Kentucky 40223. Shreffler is further directed to arrive at Dr. Nicoson's office at least thirty (30) minutes prior to the examination. The scope shall include a physical examination of Shreffler's right hand, wrist, arm, and shoulder, and his neck to determine the nature, extent, cause, and/or permanency of his claimed injuries, if any. Diagnostic testing also may be performed. However, no invasive procedures will be performed.

Dated: August 6, 2025.

<u>Danny C. Reeves, District Judge</u>
United States District Court
Eastern District of Kentucky